# Exhibit A

| | |
|---|---|
| STATE OF SOUTH DAKOTA)<br>: SS<br>COUNTY OF FALL RIVER) | IN CIRCUIT COURT<br><br>SEVENTH JUDICIAL CIRCUIT |

DIANNA M. STROH, as personal representative for the Estate of Jerome D. Stroh; DIANNA M. STROH,

    Plaintiff,

v.

ONE REVERSE MORTGAGE, LLC,

    Defendants.

23 CIV 17-

## SUMMONS

To the Above-Named Defendant: ONE REVERSE MORTGAGE, LLC

You are hereby summoned and required to serve upon Sword & Ahrendt Law Office, P.C., plaintiff's attorney, whose address is PO Box 283, Hot Springs, SD 57747, an answer to the complaint which is herewith served upon you within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

For the firm

/s/ Jim Sword

Jim Sword
Brian Ahrendt
Sword & Ahrendt Law Office, P.C.
PO Box 283
Hot Springs, SD 57747
(605)745-5422
Attorneys for Plaintiffs

23 CIV. 17-
Stroh v. One Reverse Mortgage, LLC
Summons

1

| | |
|---|---|
| STATE OF SOUTH DAKOTA) <br> : SS <br> COUNTY OF FALL RIVER) | IN CIRCUIT COURT <br> SEVENTH JUDICIAL CIRCUIT |
| DIANNA M. STROH, as personal representative for the Estate of Jerome D. Stroh; DIANNA M. STROH, <br><br> Plaintiff, <br><br> v. <br><br> ONE REVERSE MORTGAGE, LLC, <br><br> Defendants. | 23 CIV 17- |

## VERIFIED COMPLAINT

Comes Now the Plaintiff, DIANNA M. STROH, individually and as personal representative for the Estate of Jerome Stroh, and for her cause of action against the Defendant, states and alleges as follows:

1. Dianna M. Stroh (hereinafter "Plaintiff Stroh") is a resident of Hot Springs, Fall River County, South Dakota, and intends to maintain such residency until this action is completed.

2. Plaintiff Stroh was married to Jerome Stroh on the 20th day of December, 2002.

3. Plaintiff Stroh remained married to Jerome Stroh until his death on December 14, 2014. Plaintiff Stroh is the widow of Jerome Stroh and his surviving spouse.

4. Plaintiff Stroh is the personal representative of the Estate of Jerome Stroh.

23 CIV. 17-                      1
Stroh v. One Reverse Mortgage, LLC
Verified Complaint

5. Defendant, One Reverse Mortgage, LLC, is a foreign limited liability company formed in Delaware, whose principal place of business is in California, and who is registered and doing business in the State of South Dakota.

6. By quitclaim deed recorded on July 8, 2003, Plaintiff Stroh became an owner as joint tenants with rights of survivorship with Jerome Stroh in the following real property:

> Lot 7, Block 8, Stewart's First Addition to the Town, now City, of Hot Springs, Fall River County, South Dakota.

and having the following residential address:

> 1838 Albany Avenue, Hot Springs, South Dakota 57747

hereinafter "the property."

7. Plaintiff Stroh has not remarried since the death of Jerome Stroh.

8. Plaintiff Stroh resides in the property and intends to continue to reside in the property and to claim it as her principal residence.

9. Incorporated herein by reference is the Mortgage and Note dated December 23, 2011, which is attached to Plaintiff's Complaint (hereinafter "mortgage" and "note").

10. On December 23, 2011, Defendant and/or Defendant's agent intended to deceive Jerome Stroh and Plaintiff Stroh into believing that the mortgage contained language that Plaintiff Stroh would be allowed to live at the property upon Jerome Stroh's death and continuing until Plaintiff Stroh's death or moving from the property, by stating the same and Defendant had no intention of performing on that promise.

11. On December 23, 2011, Defendant and/or Defendant's agent intended to deceive Jerome Stroh and Plaintiff Stroh into believing that upon Jerome Stroh's death there would be funds available through the mortgage to pay for Jerome Stroh's final bills upon his death, by stating the same, and no funds were available through the mortgage to pay for Jerome Stroh's final bills upon his death, a fact which Defendant and/or Defendant's agent knew was untrue at the time the statement was made.

12. Defendant and/or Defendant's agent knew that the statements described in Paragraphs 10 and 11 were untrue and were known to the Defendant and Defendant's agent to be untrue.

13. The statements described in Paragraphs 10 and 11 were made with the intent to deceive Jerome Stroh and Plaintiff Stroh.

14. That statements described in Paragraphs 10 and 11 were made with the intent to induce Jerome Stroh and Plaintiff Stroh to sign the mortgage in favor of Defendant on the property and for Plaintiff Stroh to sign away her interest in the property and for Plaintiff Stroh to waive her homestead interest.

15. Jerome Stroh and Plaintiff Stroh did rely upon the statements described in Paragraphs 10 and 11.

16. Jerome Stroh and Plaintiff Stroh were induced by the statements described in Paragraphs 10 and 11 to act to their injury or damage by placing a security interest in favor of Defendant on the property and for Plaintiff Stroh to sign away her interest in the property and for Plaintiff Stroh to waive her homestead interest in the property.

17. Defendant committed actual fraud as to the statements described in Paragraphs 10 and 11 made to Jerome Stroh and Plaintiff Stroh.

18. Jerome Stroh and Plaintiff Stroh detrimentally relied upon the statements of Defendant and/or Defendant's agent described in Paragraphs 10 and 11 and signed the mortgage, and Plaintiff Stroh waived her homestead exemption and signed away her interest in the property.

19. Defendant and Defendant's agent made the statements described in Paragraphs 10 and 11 to Jerome Stroh and Plaintiff Stroh and those statements were untrue and Defendant and Defendant's agent knew they were untrue.

20. On December 23, 2011, Jerome Stroh and Plaintiff Stroh signed a Fixed Rate Home Equity Conversion Mortgage, One Hundred Eighty Day Redemption (hereinafter "mortgage"). The line above Plaintiff Stroh's signature read as follows:

> BY SIGNING BELOW, *Borrower* accepts and agrees to the terms and covenants contained in this Security Instrument and in

23 CIV. 17-
Stroh v. One Reverse Mortgage, LLC
Verified Complaint

3

any rider(s) executed by Borrower and recorded with it.
(emphasis added).

21. Plaintiff Stroh signed a quit claim deed transferring her interest in the property to Jerome Stroh and removing her name from the title of the property at the request and suggestion of the Defendant and/or Defendant's agent.

22. Consistent with the representations of the Defendant and Defendant's agent, the mortgage provides as follows:

> 9. Grounds for Acceleration of Debt.
> (a) Due and Payable. Lender may require immediate payment-in-full of all sums secured by this Security Instrument if:
>
> (i) A Borrower dies and the Property is not the principal residence of at least one surviving Borrower.

23. Defendant transferred the mortgage to Reverse Mortgage Solutions, Inc.

24. Reverse Mortgage Solutions, Inc. has begun a foreclose action on the property after the death of Jerome Stroh, and before the death or moving of Plaintiff Stroh, by taking advantage of the fraudulently induced actions of Jerome Stroh and Plaintiff Stroh in signing the mortgage in favor of Defendant (Paragraph 20), and of Plaintiff Stroh waiving her homestead interest and signing away her ownership interest in the property (Paragraph 21), which actions were induced as a direct result of the fraudulent statements made by Defendant and Defendant's agent as described in Paragraphs 10 and 11.

25. Reverse Mortgage Solutions, Inc., has acted fraudulently and in bad faith towards Plaintiff Stroh both before and during the foreclosure action, by taking advantage of the actions of Defendant in fraudulently inducing Jerome Stroh and Plaintiff Stroh to sign the mortgage in favor of Defendant (Paragraph 20), and of Plaintiff Stroh waiving her homestead interest and signing away her ownership interest in the property (Paragraph 21), which actions were induced as a direct result of the fraudulent statements made by Defendant and Defendant's agent as described in Paragraphs 10 and 11.

26. That Plaintiffs have suffered injury, including emotional distress, as a direct result of Defendant's actions in fraudulently inducing Jerome Stroh and Plaintiff Stroh to sign the mortgage in favor of Defendant (Paragraph 20), and of Plaintiff Stroh waiving her homestead interest and signing away her ownership interest in the property (Paragraph 21), which actions were induced as a direct

23 CIV. 17-                                                4
Stroh v. One Reverse Mortgage, LLC
Verified Complaint

result of the fraudulent statements made by Defendant and Defendant's agent as described in Paragraphs 10 and 11.

27. The fraudulent acts of Defendant and/or Defendant's agent, as described in Paragraphs 10 and 11 are the direct and proximate cause of the injury suffered by Plaintiffs.

WHEREFORE, Plaintiff Stroh and the Estate of Jerome Stroh requests judgment as follows:

1. That the note and mortgage between Plaintiffs and Defendant for the property be declared void.

2. For consequential damages and other damages proximately caused by Defendant as determined by a jury.

3. For prejudgment interest on any award.

4. For punitive damages as determined by a jury and to set a hearing pursuant to SDCL 21-1-4.1 on the issue of punitive damages.

5. For such other relief as deemed just and equitable in the circumstances.

PLAINTIFFS DEMAND A TRIAL BY JURY

Dated December 19, 2017

Dianna M. Stroh, individually and as personal representative for the Estate of Jerome Stroh

For the firm

Jim Sword

23 CIV. 17-
Stroh v. One Reverse Mortgage, LLC
Verified Complaint

5

Brian Ahrendt
Sword & Ahrendt Law Office, P.C.
PO Box 283
Hot Springs, SD 57747
(605)745-5422
Attorneys for Plaintiffs

STATE OF SOUTH DAKOTA )
                       :SS
COUNTY OF FALL RIVER   )

DIANNA M. STROH, being first duly sworn, states that she is the Plaintiff in the foregoing action and the personal representative of the Estate of Jerome Stroh, that she has read the foregoing document and knows the contents thereof to be true to the est of her knowledge, information and belief.

_____
Dianna M. Stroh

On this 19th day of December, 2017, before me, the undersigned, personally appeared Dianna M. Stroh, known to me to be the personal representative of the Estate of Jerome Stroh and to be the person who is described herein and executed the within insgtrument and acknowledged to me that the estate executed the same and that she executed the same on her own behalf.

_____
Notary Public – South Dakota
My Commission Expires:

(SEAL) Expires on: May 10, 2022

VALERIE SWORD
NOTARY PUBLIC
SOUTH DAKOTA

23 CIV. 17-                                              6
Stroh v. One Reverse Mortgage, LLC
Verified Complaint